United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 13, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

No. 03-60631

JUAN DE DIOS DIAZ FLORES

Petitioner,

VERSUS

JOHN ASHCROFT, UNITED STATES ATTORNEY GENERAL,

Respondent.

Petition For Review of an Order
of the Board of Immigration Appeals
A78-175-873

Before HIGGINBOTHAM, DAVIS, EMILIO M. GARZA, Circuit Judges,

Per Curiam:*

Petitioner Juan de Dios Diaz Flores ("Diaz Flores") appeals the Board of Immigration Appeals' ("BIA") denial of his application for asylum and order of removal to Diaz Flores's home country of Honduras.

In February 2000 Juan de Dios Diaz-Flores ("Diaz-Flores") fled Honduras and traveled to the United States seeking asylum. In

_____

*Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

March 2000 he was detained by immigration officers as he attempted to enter the United States. At that time he sought political asylum and his petition was set for hearing before an immigration judge ("IJ"). After the hearing, the IJ held that the petitioner had not satisfied his burden of proving past persecution or a reasonable fear of future persecution as required to receive asylum. 8 U.S.C. § 1101(a)(42)(A). The IJ then denied the petition for asylum and the request to withhold removal. The BIA affirmed the IJ's order and Diaz Flores prosecutes this appeal.

At his evidentiary hearing Diaz Flores testified that he and his family received frequent death threats from 1990 to 2000 for petitioner's participation in a hospital workers union and a dissenting political party. Several of Diaz Flores's colleagues in the political party were killed between 1997 and 2000, and petitioner finally made the decision to flee Honduras when a close colleague was killed in early 2000.

Although the IJ found Diaz Flores's testimony credible, some of that testimony is undermined by facts petitioner presented to the IJ. First, Diaz Flores remained in Honduras for ten years after he first received death threats, and despite receiving numerous threats he only notified the authorities of the threats and intimidation on two occasions. Second, Diaz Flores's family has remained in Honduras since petitioner left in February 2000; they have received no death threats and have not been harmed.

Although the IJ concluded that petitioner's testimony was generally credible, he was concerned about petitioner's unexplained failure to produce evidence from friends, family and other union officials to corroborate the threats to him or the harm to colleagues. Because of petitioner's unexplained failure to produce this evidence, the IJ concluded that petitioner failed to carry his burden of proof to establish that he had suffered persecution in the past or had a well founded fear of persecution.

We owe deference to the findings of the IJ and BIA, reviewing their factual findings under the substantial evidence standard. In reviewing for substantial evidence we must uphold the BIA's or IJ's factual findings "unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise." *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001) (internal quotation marks omitted). After carefully reviewing the record, we are satisfied that the BIA's decision denying asylum is supported by substantial evidence.[2]

For the reasons stated above we affirm the BIA's order.

AFFIRMED.

---

[2]Where asylum is not appropriate withholding removal is also inappropriate. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).